[Civ. No. 1573. First Appellate District.—February 24, 1916.]

JOHN LUCHINI, Respondent, v. A. ROUX et al., Copartners, etc., Appellants.

DAIRY ACT—FAILURE TO REGISTER DAIRY—VALIDITY OF CONTRACTS FOR SALE OF MILK—MAINTENANCE OF ACTIONS—CONSTRUCTION OF STATUTE.—An owner of a dairy where more than four cows are milked is not prohibited from maintaining an action for the sale of milk on the theory that the contract for the sale was void because of the failure of such owner to register his dairy with the state dairy bureau, as required by sections 6 and 16 of the Dairy Act (Stats. 1911, p. 959), as such act does not prohibit the sale of milk which is pure and wholesome, from an unregistered dairy, but merely makes the failure to register a misdemeanor.

ID.—ACTION FOR MILK SOLD—CAPACITY TO SUE—SUFFICIENCY OF FINDINGS.—In an action to recover for the sale of milk by the owner of an unregistered dairy, the finding "that the sale of milk . . . was not a wrongful sale within the meaning, or in violation of

sec. 16, or of sec. 29, or of sec. 6, or of any section whatever of the Act of the Legislature, etc.," sufficiently covers the issue raised by the allegations of the answer as to the lack of legal capacity in the plaintiff to sue by reason of his omission to register his dairy as required by the statute.

APPEAL from a judgment of the Superior Court of Marin County, and from an order denying a new trial. Edgar T. Zook, Judge.

The facts are stated in the opinion of the court.

James F. Brennan, and John A. McGee, for Appellants.

Martinelli & Greer, for Respondents.

KERRIGAN, J.—This action was brought by plaintiff, who was a dairyman, upon two causes of action for the recovery of the sum of $1,609.55. The first was for the sum of $1,339.49 upon an account stated, and was based upon the sale of milk, wood, horses, hogs, and hay. The second was for milk delivered to the defendants by plaintiff at an agreed price of $270.06.

Defendants, who were cheese manufacturers, in answer to the first cause of action, denied that an account was ever stated, or that they ever promised to pay the plaintiff any balance due; and further denied that there was due from them any sum whatever upon the second cause of action.

As a separate and distinct defense to both counts, defendants alleged that the plaintiff had no legal capacity to sue upon or maintain the alleged cause of action, for the reason that he had failed to comply with the provisions of sections 6 and 16 of the so-called Dairy Act, requiring those engaged in the dairy business to register as provided by the act; and that the sales, in so far as the milk was concerned, were wrongful within the meaning of the act, and that no recovery could be had therefor.

The court found that the milk respecting which an account was stated was not adulterated, and that the sale was not wrongful within the meaning of the act, and rendered judgment in favor of the plaintiff and against the defendants in the sum of $1,339.49, the full amount alleged to be due upon the account stated. It further decreed that plaintiff take nothing upon his second cause of action.

Defendants appeal from such judgment, and from the order denying a new trial.

The main contention upon which the defendants rely for the reversal of the judgment and order is that plaintiff is not entitled to recover the amount of the account stated for the reason that he did not register his dairy with the state dairy bureau as provided by the Dairy Act (Stats. 1911, p. 959). The sections involved as a defense are as follows:

"Sec. 6. Every person, firm or corporation operating any dairy, where more than four cows are milked, and every creamery, cheese factory, receiving station, skimming station, ice cream or ice milk manufacturer, or milk condensary, shall on or before the first day of November of each year, cause to be registered with the secretary of the state dairy bureau a statement showing the full name and address of such person, firm or corporation so operating the same, and also the full name and address of the owner or owners of the business so being operated, in case the person operating the same is not the owner, together with a statement of the class of such business carried on by such person or corporation, and the number of cows then being milked, in case of a dairy."

"Sec. 16. No action can be maintained on account of any sale or other contract made in violation of, or with intent to violate, this act, by or through any person, who was knowingly a party to such wrongful sale or other contract."

"Sec. 29. Milk and the products of milk enumerated in this section shall be deemed adulterated within the meaning of this act if it or they shall not conform to the following definitions and standards:

"(1) Milk is the fresh, clean, lacteal secretion obtained by the complete milking of one or more healthy cows, properly fed and kept, excluding that obtained within fifteen (15) days before and five (5) days after calving, and contains not less than three (3.0) per cent of milk fat, and not less than eight and five-tenths (8.5) per cent of solids, not fat."

"Sec. 41. Whoever shall violate any of the provisions of this act other than sections 9 to 35, both inclusive, and section 37 (the punishment for which is provided in sections 39 and 40 hereof) shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not less than ten dollars nor more than two hundred dollars or by imprisonment in the county jail for a period of not less than

ten days nor more than one hundred days, or by both such fine and imprisonment.''

In addition to the above enumerated sections there are provisions in the act prohibiting the sale of impure, unclean, or unwholesome milk, or milk produced in an unsanitary dairy. An unsanitary dairy is also defined at length. Other provisions of the act deal with the manufactured products of milk, their preparation for the market, the character of packages in which they may be offered for sale, and the labels that may be placed thereon. Still other provisions of the act require substitutes for butter and cheese to be branded—in short, the act contains comprehensive regulations having to do with the production of milk, its sale, the manufacture of products therefrom, and the method of marketing and sale to the public, the whole being designed to protect the public health and promote its well-being in so far as they depend upon the purity and wholesomeness of the important articles of consumption dealt with by the act. We also find in the act various sections similar to section 41 above set forth, making violations of the act misdemeanors, and affixing punishments to them in the shape of fines and terms of imprisonment of various amounts and durations; and, finally, we have section 16 of the act, also set out above, providing that no action can be maintained on account of any sale made in violation of the act.

The contention of the appellants that the contract in this case is void is not based upon the character of the milk delivered under it, but is squarely founded upon the fact that the plaintiff had not complied with section 6 of the statute, requiring registration.

So far as this branch of the appellant's argument is concerned, the milk sold by the plaintiff might have been of the most wholesome character, and unexcelled by any to be obtained anywhere; their contention simply is that coming as it did from an unregistered dairy, a contract for its sale was a violation of the act.

We are unable to agree with this contention. We find nowhere in the act any prohibition of the sale of milk from an unregistered dairy as such. If it is impure or unwholesome or produced in an unsanitary dairy, then its sale is prohibited along with that of milk of the same character produced in a registered dairy, and a contract for its sale would come within

the terms of section 16 of the act. The violation of the statute by the failure of the owner or operator of a dairy where more than four cows are milked to register is, by section 41 thereof, made a misdemeanor punishable by fine and imprisonment; and nowhere in the statute is the sale of its products forbidden if pure and wholesome. The proposition that if an act is prohibited by law a contract for its performance is invalid is undoubtedly correct; but in applying this principle to the case at bar the appellants are confounding plaintiff's failure to register (made a misdemeanor and punishable as such) with the contract he entered into for the sale of his milk. They seek to draw the inference that because plaintiff was guilty of a misdemeanor in failing to comply with the terms of the act requiring registration, a contract for the sale of his milk was a violation of the statute. We think no such inference can be drawn. A specific penalty is annexed to the failure to register by the owner or operator of a dairy of the character here involved, and this court cannot by inference annex an additional punishment for such failure. The sale under consideration not being a violation of the act, the plaintiff was not inhibited from maintaining this action.

The cases cited by the appellants on this question are not in point. In each case the sale itself was by the statute in terms made invalid, except in the case of *Miller* v. *Post,* 1 Allen (Mass.), 434, which was a case arising under a statute which made it a misdemeanor to use an unsealed can in the sale of milk. The court held that such an enactment was equivalent to making the sale of the milk itself in an unsealed can unlawful; but that case does not go to the extent claimed by the defendants.

It is next contended in support of the appeal that the finding of the trial court of an account stated between the parties is not supported by the evidence. An examination of the record discloses a conflict of testimony upon this subject, in view of which this court is required to uphold the judgment of the trial court.

The appellants next urge that the court erred in failing to find upon material issues raised by the answer to the first cause of action. The issues referred to were raised by allegations of the amended answer to the effect "that the plaintiff had no legal capacity to sue . . . in this: that the plaintiff has not complied with the provisions of secs. 6 and 16 of an

act of the Legislature etc.'' (reciting the statute under consideration) ; and ''that the sale of milk . . . was a wrongful sale within the meaning, and in violation of sec. 16 and sec. 20 and sec. 6 of an act of the Legislature etc.'' (reciting the same act). Finding IV as made by the court is ''That the sale of milk . . . was not a wrongful sale within the meaning, or in violation of, sec. 16, or of sec. 29, or of sec. 6, or of any section whatever of the Act of the Legislature etc.'' This finding was clearly intended to and, we think, does cover the issues now referred to.

Appellants finally complain that the court failed to find upon the issues raised by their answer to the second cause of action; but as the judgment of the court is that the plaintiff take nothing by this cause of action, and the decree recites that the plaintiff waived in writing any findings of fact thereon, we fail to see how the appellants are aggrieved by the absence of findings upon this count.

This disposes of the points urged by appellants in support of the appeal. For the reasons given the judgment and order are affirmed.

Lennon, P. J., and Richards, J., concurred.